**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ERIC GALLARDO,

      Petitioner,

      v.

MATTHEW McVAY,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  1:23-cv-01616-KES-HBK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Doc. 26

---

Petitioner Eric Gallardo is a state prisoner proceeding with counsel on his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 28, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner be denied relief on his petition for writ of habeas corpus, and that the court decline to issue a certificate of appealability.  Doc. 26.  Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

1

After receiving an extension of time, petitioner filed objections on December 9, 2025. Doc. 29.  In his objections, petitioner restates arguments from his petition and asserts that the findings and recommendations erred by (1) "unreasonably minimiz[ing] the prosecutor's misstatement of heat of passion law," (2) "rejecting the claim of improper prosecutorial vouching," (3) "improperly excus[ing] the prosecution's attack on defense counsel," (4) "upholding [a] coercive deadlock-breaking instruction," (5) "misapply[ing] *Strickland* in rejecting [petitioner's] ineffective assistance of counsel claim," and (6) "fail[ing] to conduct cumulative error review." *Id*. at 2–5.

Consistent with 28 U.S.C. § 636(b)(1), this Court reviewed this case de novo.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

First, petitioner asserts the magistrate judge improperly deferred to the state appellate court's finding that the jury instructions cured the prosecutor's misstatements regarding the "heat of passion" theory, because the state appellate court did not sufficiently detail how the jury instructions corrected the misstatements, citing *Deck v. Jenkins*, 814 F.3d 954, 979–80 (9th Cir. 2016).  But as the magistrate judge noted, the state appellate court cited to the trial court's instruction and specifically found that petitioner "concedes that the [trial] court 'correctly described' the type of provocation required to reduce murder to manslaughter pursuant to a heat of passion."  Doc. 12-16 at 17; Doc. 26 at 16.  The state appellate court noted the trial court's accurate instruction corrected the prosecutor's misstatements, because "the trial court instructed the jury to follow its legal instructions to the extent the attorneys' comments were in conflict." Doc. 12-16 at 16.

Second, petitioner claims the magistrate judge erred in rejecting the claim of improper prosecutorial vouching during the government's closing argument, and he asserts the magistrate judge incorrectly relied on the conclusion that the prosecutor's alleged vouching statements "did not reference evidence outside the record."  Doc. 29 at 3.  But the findings and recommendations do not include any such quotation or conclusion.  Rather, the magistrate judge correctly concluded that "the state appellate court [] reasonably determined that the prosecution's

2

additional challenged statements did not amount to misconduct" and that petitioner failed to establish prejudice given the substantial evidence at trial, which included "video showing Petitioner initiating the fight with [the victim], reaching for a concealed handgun after [the victim] fell against a wall, and firing multiple times at [the victim], who never displayed a weapon."  Doc. 26 at 22.

Third, the magistrate judge correctly concluded that the state appellate court's determination as to the prosecutor's closing argument statements referencing defense counsel was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts given the evidence presented.  Doc. 26 at 22.

Fourth, petitioner takes issue with the finding regarding the trial court's supplemental jury instructions following the jury's indication that they were split, but petitioner's objections do not meaningfully address the reasoning of the findings and recommendations.  *See* Doc. 29 at 3–4. The findings and recommendations correctly found the state appellate court's determination of this issue to be reasonable.

Fifth, petitioner argues the magistrate judge misapplied *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), alleging the findings and recommendations "overlook that timely objections [by trial counsel] would likely have produced corrected legal instructions."  Doc. 29 at 4.  But this would not change the outcome of the *Strickland* analysis given that the state appellate court reasonably concluded that petitioner's underlying claims failed and that petitioner had failed to establish prejudice.  *See* Doc. 12-16 at 34-37.

Sixth, petitioner objects to the magistrate judge not considering "the combined impact of the errors."  Doc. 29 at 5.  "Under traditional due process principles, cumulative error warrants habeas relief only where the errors have so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (citation and quotation marks omitted).  "Such infection occurs where the combined effect of the errors had a substantial and injurious effect or influence on the jury's verdict."  *Id.* (citation and quotation marks omitted).  Given the findings as to petitioner's underlying arguments, he has failed to show any such cumulative error.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability

Based upon the foregoing, the Court orders:

1.      The findings and recommendations issued on October 28, 2025, Doc. 26, are adopted in full.

2.      The petition for writ of habeas corpus, Doc. 1, is denied.

3.      The Court declines to issue a certificate of appealability.

4.      The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   April 16, 2026

_____
UNITED STATES DISTRICT JUDGE